**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KALINA TORNILLO,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **JOHN PAITAKIS,** *et al.*, <br><br> Defendants. | Civil Action No. 23-22629 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon Pro Se Plaintiff Michael Tornillo's ("Moving Plaintiff") Motion for Summary Judgment[1] ("Motion", ECF No. 24) and Defendants John Paitakis and John Z. Paitakis' (aka Yanni) (collectively, "Defendants") Cross-Motion for Judgment on the Pleadings ("Cross-Motion", ECF No. 27). Defendants filed a brief in support of their Cross-Motion ("Defs Moving Br.", ECF No. 27-1) and Moving Plaintiff filed a brief in opposition[2] ("Pl. Opp'n Br.", ECF No. 28). Defendants did not file a reply.

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Cross-Motion and DENY AS MOOT Moving Plaintiff's Motion.

---

[1] Plaintiff Michael Tornillo filed the Motion for Summary Judgment on his own behalf. Co-Plaintiffs Kalina Tornillo (his wife) and offspring "Child Tornillo" did not join the motion or file motions of their own.
[2] Plaintiff Michael Tornillo filed an opposition to Defendants' Cross-Motion, but co-plaintiffs Kalina and Child Tornillo filed no opposition.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of a mortgage foreclosure sale. A complete factual background of this dispute is set forth in the Court's earlier Opinion dated October 29, 2024, which the Court incorporates by reference. (ECF No. 20) (hereinafter *Tornillo I*). The relevant background and procedural history for the purposes of the current motions are summarized as follows.

The Complaint alleges that in January 2020, CitiMortgage purchased the Tornillo home through a mortgage foreclosure sale and listed the home for auction soon thereafter. (Complaint ¶¶1–3, "Compl.", ECF No. 1.) Defendant John Paitakis purchased the home on March 30, 2020. (*Id.* ¶7.) At the time of the purchase, Plaintiffs were still living in the home. (*Id.* ¶3.)

Plaintiffs allege that Defendants John Paitakis and his son John Z. Paitakis "coordinated a campaign of terror" against the Tornillo family in an "effort to illegally evict them from their home." (*Id.* ¶9.) Plaintiffs allege that Defendants engaged in stalking, harassment, attempted burglary, and trespassing, including disconnecting the electric, gas, water, and sewer services. (*Id.* ¶9–12.) Plaintiffs further allege that Defendants' actions resulted in "sleep deprivation, night terrors, loss of sex drive and appetite, anxiety, and a general, but constant sense of fear and mental duress." (*Id.* ¶10.)

On October 19, 2020, Defendant John Paitakis commenced an ejection action against Plaintiffs in the Superior Court of New Jersey, Ocean County. (*Id.* ¶16.) Following a hearing on the matter, the court ordered Plaintiffs to vacate the property by February 1, 2021. (*Id.* ¶19.) Plaintiffs complied. (*Id.* ¶20.)

On August 25, 2022, Plaintiffs filed suit against Defendants and others in the Superior Court of New Jersey, Ocean County, alleging unlawful entry, fraud, harassment, civil conspiracy, negligence, and intentional infliction of emotional distress. (*See* ECF No. 27-2, Ex. 4.) Over the

next several months, the state trial court denied Plaintiffs' request for leave to file an amended complaint, dismissed the complaint with prejudice, and denied Plaintiffs' motion to vacate. (*Id.* at Ex. 9.)

On March 29, 2024, Plaintiffs filed a second suit against Defendants in the Superior Court of New Jersey, Ocean County, which was nearly identical to the first suit, with the addition of claims alleging malicious prosecution, abuse of process, false imprisonment, and violations of New Jersey's prohibition on foreclosure proceedings during a public health state of emergency, N.J Stat. Ann. 2A:18-59.3, and Executive Order 190, which restricted utility companies from disconnecting services during the COVID-19 pandemic. (*See id.*, Ex. 11.) On August 27, 2024, the state trial court entered summary judgment in favor of Defendants and dismissed Plaintiffs' complaint with prejudice. (*See id.*, ECF No. 12.)

On January 23, 2024, Plaintiffs filed a three-count Complaint in this Court against Defendants John Paitakis, John Z. Paitakis, Benjamin Silkowitz, and Jersey State Plumbing and Heating, LLC. (ECF No. 1.) Plaintiffs allege that: (1) Defendant John Paitakis provided false testimony at the ejectment hearing to obtain an order for the removal of Plaintiffs from the property, in violation of 42 U.S.C. § 361 (*id.* at 78); (2) Defendants obtained an ejectment order during the federal and state moratoriums on evictions (*id.* at 8); and 3) Defendant John Paitakis' false testimony defamed Moving Plaintiff (*id.* at 9). On October 29, 2024, this Court, applying the doctrine of res judicata, dismissed the Complaint with prejudice as to Defendants Silkowitz and Jersey State Plumbing and Heating, LLC. (*See* ECF Nos. 20 & 21.)

On January 24, 2025, Moving Plaintiff filed a Motion for Summary Judgment (ECF No. 24) and on February 4, 2025, Defendants filed a Cross-Motion for Judgment on the Pleadings (ECF No. 27).

## II.     SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## III.     LEGAL STANDARD

A party may move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure "[a]fter the pleadings are closed—but early enough not to delay trial." Motions made pursuant to Rule 12(c) are analyzed according to the same standard as a Rule 12(b)(6) motion to dismiss. *Vroom Inc. v. Sidekick Tech., LLC*, 609 F. Supp. 3d 307, 311 (D.N.J. June 28, 2022) (citing *Trendx Enters., Inc. v. All-Luminum Prods., Inc.*, 856 F. Supp. 2d 661, 664 (D.N.J. 2012)). That is, the Court will grant a Rule 12(c) motion "where the movant established that there are no material issues of fact, and he is entitled to judgment as a matter of law." *Id.* (quoting *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017)) (internal quotations omitted). The Court must also "accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Id.* (quoting *Zimmerman*, 609 F. Supp. at 417-18).

Lastly, in deciding a motion for judgment on the pleadings, the Court is ordinarily limited in the documents which may be considered. A court may consider the pleadings, the documents attached thereto as exhibits and matters of public record. *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013). The Court may look outside the pleadings, however, "and also consider 'document[s] integral to or explicitly relied upon in the [pleadings]' or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" *Vroom*, 609 F. Supp. at 312 (quoting *In re Asbestos Prod. Liability Litig. (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016)).

4

IV.     **DISCUSSION**

     Moving Plaintiff seeks summary judgment on the grounds that the pleadings and admissions establish that he is entitled to judgment as a matter of law. (Pl. Moving Br. at 3.) Moving Plaintiff argues that there is undisputed evidence in the record of Defendant John Paitakis' perjury, illegal ejectment of Plaintiffs from their property, and defamation of Moving Plaintiff. (*Id.* at 4–7.)

     In their Cross-Motion, Defendants argue that Plaintiffs' claims are barred by certain preclusion doctrines including res judicata and the entire controversy doctrine because their claims were already adjudicated in state court. (Defs Moving Br. at 14.) Defendants argue that the basis for the Complaint is the ejectment action and the ultimate removal of Plaintiffs from their home but that Plaintiffs presented their objections to the ejectment at the hearing in state court and lost. (*Id.*) Defendants further argue that Plaintiffs later filed two lawsuits in state court against them for their alleged actions in connection with the ejectment and removal of Plaintiffs from the property which were summarily dismissed on the merits in their favor. (*Id.*) Defendants additionally argue as to Count Three that the state court twice denied Plaintiffs' request to amend the complaint to add a defamation claim and Plaintiffs should therefore be barred from raising that claim here. (*Id.* at 15.) In sum, Defendants argue that Plaintiffs are precluded from litigating their claims against Defendants in this Court because Plaintiffs have already adjudicated their claims in the state court proceedings and the factual bases in this matter and the state court matters are the same. (*Id.* at 20.)

     The Court will address Defendants' Cross-Motion first.

     The doctrine of res judicata bars claims that were brought, or could have been brought, in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Similarly, the entire

controversy doctrine "is essentially New Jersey's specific, and idiosyncratic, application of traditional *res judicata* principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Codified as New Jersey Court Rule 4:30A, the entire controversy rule "requires parties to bring in a single action, all claims and defenses arising out of the underlying factual circumstances." *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 547 (D.N.J. 2017) (citation omitted). Like *res judicata*, the entire controversy doctrine "extinguishes any subsequent federal-court claim that could have been joined but was not raised in the prior state action." *Siljee v. Atl. Stewardship Bank*, Civ. No. 15-1762, 2016 WL 2770806, at *7 (D.N.J. May 12, 2016). The entire controversy doctrine is an affirmative defense that may be considered as grounds for dismissal under Rule 12(b)(6) if its application is clear from the face of the complaint. *Rycoline Prods., Inc.*, 109 F.3d at 886.

Res judicata and the entire controversy doctrine share a trio of requirements: (1) "the judgment in the prior action must be valid, final, and on the merits"; (2) "the parties in the action must be identical or in privity with those in the prior action"; and (3) "the [ ] action must grow out of the same transaction or occurrence as the claim in the earlier one." *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 802 (3d Cir. 2017) (applying the *res judicata* and entire controversy doctrines together) (citations omitted). Thus, the Court analyzes these preclusion doctrines together. *Id.*

The Court finds that all three requirements are satisfied here. First, there are two state superior court orders granting summary judgment and dismissing Plaintiffs' complaints against Defendants with prejudice. (*See* ECF No. 2, Exs. 9 & 12.) These are final judgments on the merits. *See, e.g., Est. of Hanges v. Metro. Prop. & Cas. Ins. Co.*, 997 A.2d 954, 963 (2010) ("an order granting summary judgment and disposing of the case is a final judgment").

Second, the parties to this case are identical to or in privity with the parties to the prior action. Plaintiffs previously filed suit in state court against both named Defendants in this action.

Third, the Court finds that the claims alleged in the Complaint stem from the same transaction and occurrences as those claims adjudicated in the state court actions–the ejectment of Plaintiffs from their home. In both the instant action and the state court matters, Plaintiffs allege that Defendants purchased Plaintiffs' home following a mortgage foreclosure sale and subsequently engaged in harassing behavior against Plaintiffs and sought a Writ of Possession for the removal of Plaintiffs from the property. (Compl. ¶¶7,9--20; ECF No. 2, Ex. 4, State Ct. Compl. #1, ¶¶14—16; Ex. 11, State Ct. Compl. #2, ¶¶7, 9.) In the state court matters, Plaintiffs alleged claims of unlawful entry, fraud, harassment, civil conspiracy, negligence, intentional infliction of emotional distress, malicious prosecution, abuse of process, false imprisonment, and violations of New Jersey's prohibition on foreclosure proceedings during a public health state of emergency. Here, Plaintiffs allege that Defendant John Paitakis provided false testimony to the court during the ejectment hearing which defamed Moving Plaintiff, and Defendants unlawfully obtained an ejectment order during the federal and state moratoriums on evictions.

Therefore, given that "[t]he claims asserted . . . arise out of the same exact events that gave rise" to the state court matters, this action constitutes "a subsequent suit based on the same transaction and occurrence" and is barred by the entire controversy and *res judicata* doctrines. *See El-Hewie v. Paterson Pub. Sch. Dist.*, Civ. No. 13-5820, 2014 WL 1234476, at *8 (D.N.J. Mar. 24, 2014) (finding claim preclusion where plaintiff "is trying to relitigate the same transaction or occurrence . . . regarding [his alleged] wrongful termination . . . that he already litigated in state court, against the same defendants, to a final judgment on the merits").

Moving Plaintiff argues in opposition that the claims are not precluded because the instant action differs from the claims raised in the state court matters. (Pl. Opp'n Br. at 4.) To the extent that the Complaint filed in this Court deviates from the causes of action Plaintiffs raised in the state court matters, New Jersey law is clear that the entire controversy doctrine precludes not only claims that were brought in a prior action but also claims which were "known to [Plaintiffs] during the pendency of the state court . . . action." *Puche*, 256 F. Supp. at 548. Plaintiffs could have brought the claims raised here in state court.[3]

Accordingly, the Court finds that Plaintiffs are precluded from litigating their claims in the instant action and the Court will therefore GRANT Defendants' Cross-Motion.

---

[3] Moving Plaintiff argues in his opposition that he did not assert certain claims in state court because it had "no jurisdiction over Federal mandates or laws." (Pl. Opp'n Br. at 7–8.) This is incorrect as a matter of law. State courts have concurrent jurisdiction over claims based on federal law with only a few exceptions not applicable here. *Howlett v. Rose*, 496 U.S. 356, 367 (1990) ("Federal law is enforceable in state courts not because Congress has determined that federal courts would otherwise be burdened or that state courts might provide a more convenient forum—although both might well be true—but because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature.")

## V. CONCLUSION

For the reasons stated above, the Court will GRANT Defendants' Cross-Motion and DENY Moving Plaintiff's Motion as moot. Furthermore, because Plaintiffs' claims are barred under the res judicata and entire controversy doctrines, the Court finds that amendment of the Complaint would be futile. *See Campbell v. Twp. of N. Brunswick*, Civ. No. 23-1167, 2024 WL 578810, at *12 (D.N.J. Feb. 13, 2024) (granting defendants' motion for judgment on the pleadings and dismissing plaintiff's complaint with prejudice based on futility); *Russomanno v. Dugan*, Civ. No. 20-12336, 2021 WL 1748135, at *6 (D.N.J. May 4, 2021), *aff'd*, Civ. No. 21-2004, 2021 WL 4075790 (3d Cir. Sept. 8, 2021) ("Because Plaintiff's claims are barred under the doctrine of *res judicata* . . . any further amendment would be futile . . . ."). As such, the Court will DISMISS the Complaint with prejudice.

An appropriate order will follow.

Date: August 19, 2025

                                              s/ Zahid N. Quraishi
                                              **ZAHID N. QURAISHI**
                                              **UNITED STATES DISTRICT JUDGE**